UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ROSS,<br>    Plaintiff,<br>v.<br>CITY OF OAKLAND and DEFENDANT OFFICER DOE,<br>    Defendants. | Case No. 14-cv-00800-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 24 |

## INTRODUCTION

Plaintiff Ronald Ross brings this 42 U.S.C. § 1983 case against Defendants City of Oakland (the "City") and Officer Doe, based on his 2006 conviction for attempted murder, a crime he did not commit. Pending before the Court is the City's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed May 9, 2014. Dkt. No. 24. Plaintiff filed an Opposition on May 23, 2014. Dkt. Nos. 32-34. The Court finds this motion suitable for disposition without oral argument. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court **GRANTS** the City's Motion WITH LEAVE TO AMEND for the reasons set forth below.

## BACKGROUND

The following background is taken from Plaintiff's Amended Complaint, filed April 28, 2014. Dkt. Nos. 18-19 ("AC"). Plaintiff alleges that Defendant Officer Doe approached Renardo Williams, who was the victim of an attempted murder, and produced a lineup of six photos (including Plaintiff's) to see if Williams could identify any of the individuals as the person who shot him. AC ¶ 12. Officer Doe intentionally left his interview recorder off. *Id.* ¶ 13. Although Williams informed Officer Doe that none of the people in the photos shot him, the officer told Williams to pick photo number 4, which was Plaintiff's photo. *Id.* ¶ 14. Plaintiff alleges that

1   Williams felt that he owed Officer Doe a favor and decided to pick Plaintiff's photo as the person
2   who shot him. *Id.* At that time, Officer Doe turned on his recorder to take Williams' statement.
3   *Id.* Plaintiff also alleges that Officer Doe facilitated the relocation of Travis Abner and his family
4   out of a dangerous housing development in Oakland in exchange for Abner identifying Plaintiff as
5   the person who shot Williams. *Id.* ¶ 15. No other physical evidence was discovered that linked
6   Plaintiff to Williams' shooting. *Id.* ¶ 16.
7       A jury found Plaintiff guilty of attempted murder, and Plaintiff was sentenced to 32 years
8   to life in prison. *Id.* ¶ 23. While incarcerated, Plaintiff, through the help of the Innocence Project,
9   located Williams, who signed a declaration under penalty of perjury that he told Officer Doe that
10  he did not recognize Plaintiff as the person who shot him, but the officer refused to accept his
11  answer and persuaded Williams to pick Plaintiff's photo. *Id.* ¶ 24. Williams' declaration stated
12  that he decided to pick Plaintiff because he felt like he owed Officer Doe a favor and that he was
13  in fear that if he informed the police of the identity of the person who actually shot him, he and his
14  family would be in danger. *Id.* ¶ 25. Plaintiff submitted Williams' declaration, along with other
15  exculpatory evidence, with a writ of habeas corpus. *Id.* ¶ 26. His conviction for attempted murder
16  was overturned and he was released from prison in February 2013. *Id.*
17      Plaintiff filed the present case on February 21, 2014. Dkt. No. 1. He filed his Amended
18  Complaint on April 28, 2014. Dkt. No. 18-19. Plaintiff alleges two causes of action under 42
19  U.S.C. § 1983: (1) violation of his rights to a fair trial and due process under the Fourteenth
20  Amendment to the United States Constitution, and malicious prosecution in violation of the Fourth
21  and Fourteenth Amendments, against Officer Doe; and (2) municipal liability against the City
22  under *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978).
23      The City filed the present Motion to Dismiss on May 9, 2014. Dkt. No. 24. In its Motion,
24  the City seeks to dismiss the *Monell* cause of action on the grounds that it fails to state a claim.
25  Mot. at 2.

## LEGAL STANDARD

27  Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may file a motion to
28  dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6)

2

1   motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim
2   to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A
3   facial plausibility standard is not a "probability requirement" but mandates "more than a sheer
4   possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
5   (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the
6   court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the
7   light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519
8   F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal
9   theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v.*
10  *Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations
11  omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a
12  court to dismiss a claim on the basis of a dispositive issue of law").

13  Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only
14  required to make "a short and plain statement of the claim showing that the pleader is entitled to
15  relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of
16  a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.)
17  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to
18  dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652
19  F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply
20  recite the elements of a cause of action, but must contain sufficient allegations of underlying facts
21  to give fair notice and to enable the opposing party to defend itself effectively"). The court must
22  be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."
23  *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . .
24  [is] a context-specific task that requires the reviewing court to draw on its judicial experience and
25  common sense." *Id.* at 663-64.

26  If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no
27  request to amend the pleading was made, unless it determines that the pleading could not possibly
28  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

3

banc) (internal quotation marks and citations omitted).

## DISCUSSION

In its Motion, the City argues that Plaintiff's AC is bereft of any factual allegations demonstrating that Officer Doe was acting pursuant to any official City policy or custom. Mot. at 5. In his Opposition, Plaintiff argues that the AC sets out specific facts because he alleges that the City "encouraged, tolerated, ratified and or had been deliberately indifferent to the training, supervision, investigation or discipline of defendant officer DOE regarding his duties and responsibilities to engage in proper investigative techniques; his duties not to coerce witnesses into identifying a suspect; and his constitutional duties to disclose the prosecution exculpatory information." Opp'n at 4.

Pursuant to *Monell*, a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. at 694. Rather, to establish § 1983 municipal liability, a plaintiff must prove that (1) he was deprived of a constitutional right; (2) the municipality had a custom or policy; (3) that amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *East v. City of Richmond*, 2010 WL 4580112, at *3 (N.D. Cal. Nov. 3, 2010). Municipal liability may be based on (1) an express municipal policy, such as an ordinance, regulation, or policy statement; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) the decision of a person with final policymaking authority ratifying a subordinate's unconstitutional decision or action and the basis for it. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-27 (1988).

Here, the Court finds that Plaintiff's *Monell* allegations consist of a formulaic recitation of the elements of a cause of action. While a municipality may be held liable for a failure to train that reaches constitutional proportions, in order to defeat a motion to dismiss for failure to state a claim the complaint must contain specific factual allegations tending to support the inference that the municipality failed to train its employees. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (holding that under *Iqbal*, where a "complaint does not identify what the

4

training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused [p]laintiffs' harm[,]" such "threadbare" conclusory allegations will not support the claim); *see also Canas v. City of Sunnyvale*, 2011 WL 1743910, at *5 (N.D. Cal. Jan.19, 2011) ("Other than alleging that the officers' EMT training was inadequate [to] enable them to assist the Decedent after he was shot, Plaintiffs do not explain in detail how the City's alleged policies or customs are deficient, nor do they explain how the alleged policies or customs caused harm to Plaintiffs and the Decedent. At most, the allegations permit the Court to infer a 'mere possibility of misconduct' on behalf of the City. . . . Fed.R.Civ.P. 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'"). Accordingly, because Plaintiff's conclusory allegations do not provide the necessary factual content that would permit more than an inference of the possibility of misconduct, the Court GRANTS the City's Motion.

## CONCLUSION

Based on the analysis above, the Court GRANTS the City's Motion to Dismiss. Because Plaintiff may cure this pleading deficiency by alleging additional facts, the Court GRANTS Plaintiff leave to amend, consistent with this Order. Plaintiff shall file any amended complaint by June 18, 2014.

**IT IS SO ORDERED.**

Dated: May 28, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge